UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JULIETTE GRIMMETT,

                    Plaintiff,

    -against-

ADRIAN GRAY,

                    Defendant.

------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

No. 23 Civ. 10103 (CS) (JCM)

WHEREAS, the parties (the "Parties" and, each, a "Party") to the above-captioned action (the "Action"), having agreed to the following terms of confidentiality, and the Court, having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents disclosed in discovery in connection with the pre-trial phase of this Action:

1.     Counsel for any party may designate any document or information, including without limitation deposition testimony, in whole or in part, as confidential if counsel determines, in good faith, that such document or information contains (i) trade secrets or proprietary business information; (ii) Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords and information that may be used for identity theft); (iii) medical or mental health records or medical or mental health information about a party; or (iv) other sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action.

3. In the event a Party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The Parties;

   b. Counsel of the Parties to this Action and any supporting personnel employed in or by the law firm(s) of counsel, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, litigation support personnel, and third-party vendors retained by the Parties or their counsel to assist in connection with this Action;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Judges and Court personnel, including clerks, mediators, and certified court reporters acting as such;

   e. Court reporters and their staff, including stenographic reporters and videographers retained to record and transcribe deposition testimony in connection with this Action;

   f. Graphics, translation, or design services retained by counsel for purposes of preparing demonstratives or other exhibits for depositions, hearings, or other Court proceedings and/or submissions in this Action;

   g. Non-technical jury or trial consulting services;

       h.      Mock jurors retained to prepare for trial or other Court proceedings in this Action;

       i.      Trial and deposition witnesses, including their attorneys, during the course of or in preparation for testimony in this Action, to the extent deemed necessary by counsel;

       j.      Any person who is identified on the face of a document as an author or recipient thereof or has been identified or designated to testify regarding a topic of the document; and

       k.      Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court.

5.      Prior to disclosing or displaying the Confidential Information to any persons enumerated in Section 4(c), (f)-(j) above, counsel for the Party disclosing such Confidential Information must:

       a.      Inform such person that the document or information is confidential and disclosed pursuant to the terms of this Order;

       b.      Provide such person with a copy of this Order; and

       c.      Obtain and thereafter maintain a signed agreement from such person to be bound by this Order in the form attached as Exhibit A.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.      Any PII exchanged in discovery shall be maintained by the receiving Party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner.

Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

8. When Confidential Information is used in the course of a deposition, all or portions of the deposition and deposition exhibits will be designated as "CONFIDENTIAL" as appropriate, subject to the provisions of this Order either by (i) indicating on the record that a question calls for Confidential Information, in which case the reporter will mark it as "Confidential Information Governed by Protective Order," or (ii) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of a final deposition transcript of the portion that contains Confidential Information. During that 30-day period, all parties will treat the entire deposition transcript as if it had been designated as Confidential Information.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the Parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected and shall not be used for any purpose other than this action.

12. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. After termination of this Action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains continuing jurisdiction over all persons subject to this Order for enforcement of the provisions of this Order or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: January 18, 2024
New York, New York

*[signature]*

CUTI HECKER WANG LLP
Mariann Meier Wang
Alexander Goldenberg
Heather Gregorio
305 Broadway, Suite 607
New York, New York 10007
(212) 620-2600
mwang@chwllp.com
agoldenberg@chwllp.com
hgregorio@chwllp.com

Gloria Allred
ALLRED MAROKO & GOLDBERG

305 Broadway, Suite 607
New York, New York 10007
(323) 653-6530
gallred@chwllp.com

*Attorneys for Plaintiff Juliette Grimmett*

*[signature]*

BROWN RUDNICK, LLP
Jessica N. Meyers
7 Times Square
New York, New York 10036
(212) 209-4938
jmeyers@brownrudnick.com

Benjamin G. Chew
601 Thirteenth Street NW, Suite 600
Washington, D.C. 20005
(202) 536-1785
bchew@brownrudnick.com

*Attorneys for Defendant Adrian Gray*

SO ORDERED.

*[signature] Cathy Seibel 1/24/24*
HON. CATHY SEIBEL, U.S.D.J.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JULIETTE GRIMMETT,

                  Plaintiff,

     -against-

ADRIAN GRAY,

                  Defendant.
-------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

No. 23 Civ. 10103 (CS) (JCM)

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____       _____
Name (printed)                                          Signature

Dated: _____, 20__